SYLVANIA A. HUGHES *vs.* HENRY E. KNOWLTON AND ANOTHER.

A testator devised real estate to his two daughters *A* and *M,* "meaning and intending that all the children that have been or may be born of their bodies shall become heirs to the same." At the time the will was made both the daughters had illegitimate children. Held that the daughters took an estate in fee, and that the provision in the will with regard to their children was to be understood as meaning only that the testator wished the illegitimate children to be regarded as their heirs equally with legitimate ones.

Heirs at law are not to be disinherited without a clear intention to do so, and that intention must be carried out by actually vesting the estate in other devisees.

EJECTMENT, brought to the Superior Court in Windham County, and tried on the general issue, closed to the court, before *Carpenter, J.* Judgment for the defendants, and motion for a new trial by the plaintiff. The case is sufficiently stated in the opinion.

*Fairfield,* in support of the motion, cited 1 Swift Dig., 79, 82, 87, 99, 139 ; 2 Bla. Com., 115 ; *Law* v. *Davis,* 2 Stra., 850 ; *Welles* v. *Alcott,* Kirby, 118 ; *Hungerford* v. *Anderson,* 4 Day, 370 ; *Throop* v. *Williams,* 5 Conn., 98 ; *Dart* v. *Dart,* 7 id., 253 ; *Allyn* v. *Mather,* 9 id., 114 ; *Goodrich* v. *Lambert,* 10 id., 448 ; *Rogers* v. *Moore,* 11 id., 553 ; *Williams* v. *McCall,* 12 id., 328 ; *Clarke* v. *Terry,* 34 id., 176.

*Cleveland* and *West,* with whom was *Richmond,* contra, cited 1 Redf. on Wills, 425, 432, 434 ; 2 Washb. R. Prop., 414 ; *Downing* v. *Bain,* 24 Geo., 72 ; *Bender* v. *Destrick,* 7 Watts & Serg., 284 ; *Heath* v. *White,* 5 Conn., 228 ; *Hudson* v. *Wadsworth,* 8 id., 348, 358 ; *Hulburt* v. *Emerson,* 16 Mass., 241 ; 1 Washb. R. Prop., 73 ; 1 Swift Dig., 47, 141, 231.

FOSTER, J. Both the parties in this suit claim title to the demanded premises through Asa Russ, who died seized of the same on the 26th of March, 1838. In his last will, dated December 8th, 1829, and which was duly proved in the court of probate, after making disposition of a small portion of his estate there is found this clause :

" And my will is, that the remainder of my property, after paying all my just and lawful debts, be divided equally between my two daughters, Almira Squires and Nancy Russ ; meaning and intending that all the children that have been or may be born of their bodies shall become heirs to the same."

At the date of the will both of the daughters had illegitimate children, and after the death of the testator the property thus devised was distributed to those daughters in the ordinary manner as an estate in fee simple. As such, they afterwards held and claimed the same. The said Almira, by war-

rantee deed, for a valuable consideration, mortgaged the demanded premises to one Shumway on the 16th of September, 1840, and quit-claimed the same to the mortgagee for a full and valuable consideration in October following. The title of Shumway, by several intermediate conveyances, is now vested in the defendants.

Almira Squires died on the 12th of January, 1868. The plaintiff, who is her daughter, claims that under the will, her mother took only a life estate in the premises, that she could convey that interest only, that her deed of a greater estate was void, and that upon her death, the plaintiff, as one of the heirs of her body, having acquired the title of the other heirs, was entitled to the remainder, to wit, the fee simple in the estate.

Did the daughters of Asa Russ, under his will, take an estate in fee, or an estate tail, is the question to be decided. The court below held that they took an estate in fee. We think that decision was correct.

It is quite unnecessary to go at any length into the rules and principles which govern in the construction of wills. We are satisfied that this testator's intention was to give this property to his daughters absolutely and without limitation, that they took a fee. The clause "that the remainder of my property be divided equally between my two daughters Almira Squires and Nancy Russ," would certainly be conclusive if standing alone. The subsequent words, " meaning and intending that all the children that have been or may be born of their bodies shall become heirs of the same," do not, when read in the light of surrounding facts, evince a contrary intention. Both these daughters had illegitimate children, and we think that these words have reference to that fact, and to what the testator supposed might be the legal status of those children. Bastards have never been favorites of the common law. It has regarded them as belonging to no family, as having no inheritable blood, utterly incapable of taking property by descent. The testator meant, we think, to express his disapprobation of so rigorous a rule. It was in 1825, but a short time before the making of this will, that Judge Peters,

in giving the opinion of the court in *Woodstock* v. *Hooker*, 6 Conn., 56, declared that "it had been discovered in this state that a bastard is the child of his mother." We think the testator desired that this discovery should enure to the benefit of these unfortunate children of his daughters by giving them, respectively, the right to inherit from their mothers.

There are other grounds on which we think the decision below is abundantly supported.

Heirs at law are not to be disinherited without a clear intention to do so, and that intention must be carried out by actually vesting the estate elsewhere. The two elements which enter into the idea of an estate tail, and which usually appear to be in the mind of a testator who intends to create such an estate, are, an estate for life in the first donee, and a fee simple in the heirs of the body of the first donee. If there is a doubt as to the real intention of the testator the heir is to have the benefit of the doubt.

The application of these principles, too familiar to need the citation of any authority in their support, establishes the correctness of the decision at the circuit.

There should be no new trial.

In this opinion the other judges concurred; except CARPENTER, J., who having tried the case in the court below did not sit.